UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDALL IZQUIERDO,

    Petitioner,

    v.                     CAUSE NO.: 3:18-CV-663-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Randall Izquierdo, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction and sentence under Cause No. 64D05-1405-FC-4132. Following a jury trial, on December 22, 2015, the Porter Superior Court sentenced Izquierdo to fourteen years of incarceration.

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *See id.*

Izquierdo indicates that, on direct appeal, he did not seek transfer with the Indiana Supreme Court, and, at the post-conviction relief stage, he did not appeal or seek transfer on the decision of the Porter Superior Court. ECF 1. Therefore, he has not yet exhausted his State court remedies. Until he does so, he cannot obtain federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). Accordingly, the petition will be dismissed without prejudice to his right to file a new petition after exhausting his available state court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Izquierdo's one-year limitations period for federal habeas review began to accrue when the time to seek transfer from the Indiana Supreme Court on direct appeal expired in March 2017. *See* 28 U.S.C. § 2244(d)(1)(A); Ind. R. App. 57 (requiring petitions to transfer to be filed within thirty days of an adverse decision). Additionally, Izquierdo litigated a post-conviction relief petition in the Porter Superior Court, which tolled the one-year limitations period from May 23, 2017, to May 22, 2018. *See id.* § 2244(d)(2). Therefore, dismissing this petition will not effectively end his chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claim in State court. In sum, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of

appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging him to proceed further in federal court until he has exhausted his claims in State court.

For these reasons, the court:

(1) DISMISSES without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) DENIES Randall Izquierdo a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on August 30, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT